### CITY OF SHERMAN V. JAMES NAIREY.
#### No. 6435.

**1. Damages — Municipal Corporation.** — A municipal corporation is liable in damages for injury resulting to one who is injured by the dangerous condition in which a bridge within the corporate limits was permitted to remain, though the street commissioner whose duty it was to repair did not after examination discover its defect before the accident. If he might by proper diligence in performing his duty have known it, the fact that he examined is unimportant.

**2. Contributory Negligence.**—See facts under which held that one injured by a defective bridge, and who had before crossed it in its defective condition, was not guilty of contributory negligence.

APPEAL from Grayson.    Tried below before Hon. H. O. Head.

This is an appeal from a judgment for $700 recovered by appellee for personal injuries sustained in crossing a defective bridge in the city of Sherman.    The opinion contains a statement of the facts.

*J. W. Finley,* for appellant. — 1.    The bridge was in good condition when examined by the street commissioner four days before the accident. Appellant had no actual notice of its unsafe condition, and the time from said examination until the accident was too short for constructive notice, and the city should not be held liable.

2.    The appellee knew or by ordinary diligence might have known of the defect in the bridge which caused his injuries, and he proximately contributed to such injury by crossing the bridge on the defective side. Railway v. Gasscamp, 69 Texas, 545.

*J. D. Woods* and *C. H. Smith,* for appellee. — 1.    The condition of the bridge at the time appellee was injured, and the length of time it had been out of repair, and notice of the same, actual or constructive, to appellant being questions of fact and being submitted to the jury by the court under proper instructions, and there being sufficient testimony to sustain the verdict, the judgment should not be disturbed.

2.    Whether or not plaintiff knew or had an opportunity of knowing the condition of the bridge before he was hurt, and whether or not plaintiff was guilty of any negligence or want of care that caused or contributed to his injuries, being questions of fact, and being submitted to the jury by the court under proper instructions, and there being sufficient testimony to sustain the verdict, the judgment should not be disturbed. Railway v. Dorsey, 66 Texas, 148; Railway v. Smith, 65 Texas, 167.

COLLARD, JUDGE.—Appellant by assignment of error objects to the verdict of the jury, and says it is contrary to the law and the evidence, because the proof showed that the bridge was in proper condition for travel when examined by the street commissioner on the 2d day of December, 1886, three days before plaintiff was injured thereon.    It was testified by Long, a street commissioner, whose duty it was to go over the city and examine the bridges and culverts once or twice a week, who testified for defendant, that he passed over the bridge on the Wednesday before plaintiff was hurt on Sunday, and noticed no hole in the bridge. There was ample evidence, if credible, to prove that there was a hole in the bridge, the one into which plaintiff's horse fell, two or three weeks before the injury.    If this evidence is true, and it was the province of the jury to pass upon its credibility, the commissioner did not perform his duty in examining the bridge.    He says he did not notice any hole.

He might not have noticed it, and yet it might have been there. The assignment of error is not well taken.

Appellant also complains of the verdict because it is contrary to law in this: The proof, showed that plaintiff had crossed the bridge six times, and drove twenty-five or thirty head of mules across the bridge four times on the day the accident occurred, and that it was by his own negligence that the injuries occurred.

Nairey, the appellee, testified upon this subject that he had passed over the bridge with Collins & De Spain's teams, men, and outfit the evening before the injuries, and on the morning of the day he was hurt he had, with some of the other hands, driven twenty-five or thirty of the mules and horses to water and return, and again on the same evening had driven them by the bridge to water. Some of them crossed the bridge and some of them went around it. He further said that he had never seen the hole before he was hurt, and that he was getting old and his eyesight was not good, and that it was dark when he was hurt.

The court submitted the question of contributory negligence to the jury, who determined the issue in favor of plaintiff. The verdict is not inconsistent with appellee's testimony, and we do not feel authorized to set it aside after it passed the scrutiny of the the trial judge in acting on the motion for a new trial.

Appellant complains of the verdict because it is excessive in amount, oppressive, and unjust, the proof showing that plaintiff left next morning after the alleged injury and went to work with the grading gang on the St. Louis, Arkansas & Texas Railway between Sherman and Whitewright.

Plaintiff testified that his wrist was broken, and exhibited the same to the jury, and it appeared disfigured and enlarged where it had been injured. He further said: "I was very stout before I was hurt. I was not able to use my right arm for six months after it was hurt, and it is still very weak. My side hurt me very much at the time it was hurt, and I still suffer pain in my side."

Dr. Nesbit, who was called to see plaintiff on the evening he was injured, testified that he found him lying on a pallet seemingly suffering very much with his right wrist and side; could not tell, owing to the swollen condition of the wrist, whether it was fractured or not, but thought it was; he examined the wrist on the day before the trial, and was satisfied from its shape that it was broken; it was enlarged, had a lump on the outside, was crooked, and the witness thought the injury was permanent.

Appellee also testified that on the next morning after he was hurt he put his arm in a sling and went with Collins & De Spain's outfit to where they were going to work on the railroad; remained there with them six weeks; received no wages, but was given his board for waking up the hands in the morning. He says he was unable to do any work.

It is unnecessary to comment upon this testimony further than to say that it shows an entirely different state of facts from that assumed in the assignment of error, and supports the verdict for $700. The judgment should be affirmed.

*Affirmed.*

Adopted May 13, 1890.